## FOGG *v.* WORSTER & TRUSTEE.

If a prisoner has about his person money or other articles of value, by means of which, if left in his possession, he might obtain tools, implements, assistance, or weapons with which to effect his escape, the officer arresting him may seize and hold such money or property for a time, without being liable for a conversion of it, if he acts in good faith, believing such course necessary for his own or the public safety, or for the safe keeping of the prisoner. *Closson* v. *Morrison*, 47 N. H. 482.

A prisoner, in custody upon a charge of larceny, was searched and a sum of money taken from him, without his objection, in the presence of an officer, having a warrant for his arrest ; and the money was passed into the hands of the officer, who, without the direction of the prisoner, paid it to a person who had become surety for the appearance of the prisoner at court, to answer to the above complaint. Subsequently the officer was served with process of foreign attachment in a suit brought by a creditor of the prisoner ; —*held,* that the officer was chargeable as trusteee.

If a person summoned as trustee admits by his disclosure that the money or property of the principal defendant has come into his possession, he will be charged, unless he clearly states in his disclosure matters of discharge.

[DOE, J., dissenting.]

To maintain assumpsit for money had and received, no privity of contract is necessary in a case where the holder of the money has no legal or equitable claim superior to the owner's right.

FOREIGN attachment. The question of the trustee's liability was submitted to the court upon his deposition, the material portions of which are as follows :

"Interrogatory 2d ; State whether or not any money during said time (July or August, 1868, and previous to the service of this

writ,) which had been taken from said Isaac Worster, with or without his consent, was deposited with you, or came into your possession in any way? Answer; there was. Interrogatory 3d; State how much, and under what circumstances it came into your possession, and when? Answer; I cannot tell the time. It was on the day that said Worster was arrested and nearly two weeks previous to the service of the writ upon me. The sum I received was one hundred seven dollars and about thirty cents. A certain person who represented himself as the assistant city marshal of Lawrence, Mass., whose name I think was Brady, in my presence took the money from Worster. He told Worster that it was ruleable to search the person arrested on suspicion of having stolen property. Worster made no objection, and he searched him and found the above named sum of money on his person. Brady carried the money away to the office of W. D. Knapp, and at that place it was passed into my hands, I having in my hands a warrant for the arrest of said Worster for larceny of a sum of money from John W. Fogg, the plaintiff in this action. Worster was not then present. I handed the money to William P. Moses on the next Saturday after I received it, about sixty days before the service of this writ upon me as trustee. Said Moses was surety for the appearance of said Worster at court on the complaint and warrant above named. I have no control over the money and make no claim for it."

Subject to exception, it was held that the trustee was not chargeable.

*Copeland*, for the plaintiff.

An officer who has arrested a person on a warrant charging him with a crime, may search him, and take and keep for a time property found on him, if he acts in good faith and believes such course necessary. In the absence of evidence, the presumption is that the officer acted in good faith.

Property thus taken may be attached as the property of prisoner. *Closson* v. *Morrison*, 47 N. H. 482. It will be presumed that property thus found on a person belongs to him, and when the necessity for retaining it ceases, it becomes the duty of the bailee to return it, and the law implies a promise to do so. *Wiggin* v. *Foss*, 4 N. H. 294. In such case assumpsit, for money had and received, will lie. *Wiggin* v. *Foss, ante.*

To maintain assumpsit for money had and received, no privity of contract is necessary. *Mason* v. *Waite*, 17 Mass. 563; *Hall* v. *Marston*, 17 Mass. 57$_6$; *Eagle Bk. Smith*, 5 Conn. 71; *Inglis* v. *Inglis, Exrs.*, 2 Dall., 54.

In this case the trustee held a warrant against Worster, charging him with the crime of larceny. He had been arrested, and was searched in the presence of the trustee. As there is no evidence as to good faith, the law presumes that the officers acted in good faith. The money was found upon the prisoner's person, and was left with the trustee, he holding the warrant against the prisoner. The money

was liable to attachment in trustee's hands, and he was liable to Worster in assumpsit. Depositing the money with Moses did not relieve the trustee from liability. He had no authority from Worster to make the deposit,—he is still liable to Worster for the money,—and the "rights and credits" of Worster are attachable in his hands by this process.

*Jordan,* for the trustee.

By Art's 15 and 19 of New Hampshire Bill of Rights, and by the 4th and 5th Amendments of the U. S. Constitution, the people are secured against unreasonable searches and seizures of their persons, houses, papers and possessions. Brady, assistant marshal of Lawrence, Massachusetts, arrested Worster at Somersworth, New Hampshire, without authority and took the money from him. He appears to have been acting for John W. Fogg, of Lawrence, the plaintiff in this action. Afterwards on the same day, at William D. Knapp's office, a complaint and warrant was made and put into the hands of Chaney, for larceny from said Fogg, by Worster, and then and there the money was passed into Chaney's hands. An attachment on *mesne process,* or *trustee process* where the possession is obtained by unlawful means will not be valid and effectual to give the sheriff and the creditor a legal right to hold the property. *Ilsley* v. *Nichols,* 12 Pick. 270, and authorities there cited.

It is assumed in the plaintiff's brief that Brady had a warrant against Worster, when he made the search and took the money from him. There is no evidence that he had a warrant. If he had, there is no evidence he was empowered to serve it in New Hampshire. There is no evidence that Chaney had a warrant at that time of the day. If he had, the case does not show that he directed Brady to *search* and *seize,* or to aid him in any way. It is not true in point of fact, that Chaney had a warrant at that time. The disclosure does not so state, but the contrary appears in it:—"Brady carried the money away to the office of Wm. D. Knapp and at that place it was passed into my hands, I having in my hands a warrant *for* the arrest of said Worster,"—not on which I had arrested said Worster.

The case of *Closson* v. *Morrison,* 47 N. H., does not apply to the state of facts in this case. It appears the money was not in Chaney's hands at the time of the service of the plaintiff's writ upon him, nor at any time afterwards. Six days before its service he had placed the money in the hands of William P. Moses, whom Worster had procured to be his surety for appearance to court. In the absence of testimony to the contrary, it is but reasonable to suppose the money was so deposited by Worster's consent, and this appears the more probable from what Chaney says in his disclosure: "I have no control over the money and make no claim for it."

FOSTER, J. It has recently been decided in this state that if a prisoner has, about his person, money or other articles of value, by

means of which, if left in his possession, he might obtain tools, implements, assistance or weapons, with which to effect his escape, the officer arresting him may seize and hold such property for a time, without being liable for a conversion of the property, if he acts in good faith, believing such course necessary for his own or the public safety, or for the safe keeping of the prisoner. *Closson* v. *Morrison,* 47 N. H. 482.

The money was taken from Worster by the hands of Brady, who, in some way, had been instrumental in the arrest of Worster, Chaney being present and having in his hands a warrant for the arrest of Worster, upon a charge of larceny.

It is immaterial to inquire whether or not Brady had any warrant or authority as an officer to make the arrest or hold the prisoner in custody, since at the time the money was taken from him, Chaney was present with a warrant for the prisoner's arrest, upon which it might be well considered and is to be presumed the prisoner had been arrested, and was then in the lawful custody of Chaney; and since at that time and under such circumstances, the money came into Chaney's possession, it is quite immaterial whether Chaney with his own hands, or through the agency of Brady, took the money from the prisoner.

The money thus taken was subject to attachment as the property of the prisoner. *Closson* v. *Morrison,* before cited.

If not attached, it would be the duty of Chaney, when the necessity for retaining the money should cease, to return it to Worster. *Wiggin* v. *Foss,* 4 N. H. 295. That necessity would probably continue so long as no process of law was interposed, upon the claim of an attaching creditor or other legal claimant of the money, which would divert the application of it from the purposes to which the prisoner might apply it, in aid of his escape. Such necessity would cease upon such interposition, for the money would thereby be effectually restrained from the use and control of the prisoner.

And, subject only to this necessity, the right of Worster to receive the money from Chaney could be enforced by an action of assumpsit for money had and received. *Wiggin* v. *Foss,* before cited.

To maintain assumpsit for money had and received no privity of contract is necessary in a case where the holder of the money has no legal or equitable claim superior to the owner's right; and it is clear that Chaney had no claim to this money, otherwise than upon considerations of the public good, which would not be imperiled, but rather promoted, by the diversion of the money, to the payment of the prisoner's debts. 1 Cranch. Appendix 440, 441. "There are many cases, says Mr. Ch. J. Parker, in *Hall* v. *Marston,* 17 Ms. 579, in which assumpsit for money had and received is supported, without any privity between the parties, other than what is created by law. Whenever one man has in his hands the money of another which he ought to pay over, he is liable to this action. When the fact is proved that he has the money, if he cannot show that he has legal or equitable ground for retaining it, the law creates the privity

and the promise." See also, *Mason* v. *Waite*, 17 Ms. 563. And Mr. Justice Bellows in *Wentworth* v. *Gove*, 45 N. H. 161, expressed the same doctrine in these words : "The action for money had and received will in general lie wherever the defendant has in his hands money, which in equity and good conscience belongs to the plaintiff. It is purely remedial in its character, being sometimes likened to a bill in chancery ; and courts have been disposed to extend rather than to limit its application" &c. *Burleigh* v. *Bennett*, 9 N. H. 19 ; *Lockwood* v. *Keisea*, 41 N. H. 187 ; *Hudson* v. *Robinson*, 4 M. & S. 475. "The supposition," says Hosmer, Ch. J., in *Eagle Bank* v. *Smith*, 5, Ct. 75, "that the action for money had and received can be grounded only on privity of contract is in direct opposition, even to the common cases in which that action is sustained. There is no privity between the finder of money lost and the owner who lost it ; nor between the person who through fraud, or deceit acquires the money of another, and the person of whom it was acquired ; nor between one who has taken the fees of an officer, claiming a right to do so, and another who has title to them ; and yet in all these cases, the action for money had and received may be maintained.

The prisoner having a right to recover the money in Chaney's hands, it follows that a creditor of the prisoner might do the same either by direct or foreign attachment.

The trustee does not by his disclosure relieve himself from liability by showing that before the service of the plaintiff's writ upon him he had parted with the possession of the money and paid it to Moses. If a prisoner summoned as trustee, admits by his disclosure that the money or property of the principal has come into his possession, he will be charged. unless he clearly states in his disclosure, matters of discharge. *Sampson* v. *Hyde*, 16 N. H. 492 ; Doe, J., dissents from the opinion of the court in this particular, upon grounds stated by him in *Kendall* v. *Brownson*, 47 N. H. 186.

It does not appear and cannot be presumed that Chaney had any authority from Worster to pay over the money to Moses, and in the absence of such authority he is still liable to respond to Worster or to his creditor, the plaintiff in this suit. We are therefore of the opinion that the trustee must be held chargeable.

*Exceptions sustained and Trustee charged.*